**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4453**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

LINDA SMOOT RADEKER,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00266-FDW-1)

Submitted: January 29, 2016        Decided: March 2, 2016

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Smoot Radeker pled guilty pursuant to a plea agreement to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (2012), and money laundering in violation of 18 U.S.C. § 1957 (2012). The district court sentenced Radeker to 72 months' imprisonment, and she now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Radeker's counsel was ineffective and whether the district court clearly erred in failing to grant a sentencing reduction for acceptance of responsibility. Radeker was informed of her right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Radeker's claims of ineffective assistance of counsel are only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. United States v. Galloway, 749 F.3d 238, 241 (4th Cir.), cert. denied, 135 S. Ct. 215 (2014). To succeed on a claim of ineffective assistance of counsel, Radeker must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the first prong of Strickland, a movant must demonstrate that counsel's performance was deficient "under prevailing professional norms." Id. at 688. In evaluating counsel's performance, we "indulge a strong presumption that

2

counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In the context of a guilty plea, to satisfy the second prong a defendant must establish a reasonable probability that, but for counsel's errors, she would have "insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The record in this case does not establish ineffective assistance of counsel. Therefore, these claims are not cognizable on direct appeal, and they should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.

With regard to Radeker's claim that the district court erred in refusing to grant a sentencing reduction for acceptance of responsibility, we review the district court's determination for clear error. United States v. Burns, 781 F.3d 688, 692 (4th Cir.), cert. denied, 135 S. Ct. 2872 (2015). We will find clear error if, after reviewing the evidence as a whole, we are left with the definite and firm conviction that a mistake has been committed. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).

While defendants may be entitled to a reduction in offense level for acceptance of responsibility, "merely pleading guilty does not entitle one to a downward adjustment." United States v. McKenzie-Gude, 671 F.3d 452, 463 (4th Cir. 2011) (internal quotation marks omitted). "Rather, to be eligible for this downward departure, the defendant must prove by a preponderance of the evidence that [s]he has clearly recognized and affirmatively

accepted personal responsibility for [her] criminal conduct." Id. (internal quotation marks omitted).

The record demonstrates that Radeker continually sought to downplay her culpability, and repeatedly denied possessing the mental state necessary to commit conspiracy. The district court reiterated the significance of Radeker's denial, and gave her multiple opportunities to accept full responsibility for her actions, opportunities that Radeker did not embrace. Under these circumstances, the district court did not err in refusing to grant Radeker a reduction for acceptance of responsibility.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Radeker's conviction and sentence. This court requires that counsel inform Radeker, in writing, of the right to petition the Supreme Court of the United States for further review. If Radeker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Radeker.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4